UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL GILMORE GLASS

    Plaintiff,

v.

KEVIN PURNELL ET AL,

    Defendants.

Case No. 10-11668

Hon. Victoria A. Roberts

_____

## ORDER

On April 23, 2010, *pro se* Plaintiff Carol Gilmore Glass filed a Complaint against Defendant Kevin Purnell and other individuals. With the Complaint, Plaintiff also filed an Application to Proceed *In Forma Pauperis* and an Application for Appointment of Counsel, requesting that she be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a)(1) and that counsel be appointed to represent her due to her indigency. Plaintiff asserts that she is unemployed and has no assets. Plaintiff's only source of income is $660.00 in monthly veteran's pension benefits.

28 U.S.C. §1915(a)(1) allows indigents to receive a waiver of filing fees:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The *in forma pauperis* ("IFP") statute was enacted "to ensure that indigent

litigants have meaningful access to the federal courts." *Wilson v Yaklich,* 148 F.3d 596, 600 (6th Cir. 1998), *cert. den.,* 525 U.S. 1139 (1999)(quoting *Nietze v Williams,* 490 U.S. 319, 324 (1989)). While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), to curtail abuse of waivers granted under the statute, Congress also empowered courts to *sua sponte* dismiss IFP complaints that are frivolous or malicious, or that fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(B)(I) and (ii). An IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke*, 490 U.S. at 325.

28 U.S.C. §1915 also allows the Court to appoint counsel for indigents in civil actions. *See* 28 U.S.C. §1915(e)(1) ("[t]he court *may* request an attorney to represent any person unable to afford counsel") (emphasis added). Such appointments are only justified in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). Whether Plaintiff's case is "exceptional" depends on the type of case and her ability to represent herself based on the complexity of the factual and legal issues involved. *Keohane*, 992 F.2d at 606 (citations omitted).

Plaintiff alleges that various individuals plotted against her to steal her ID and set her up in an ongoing sting operation. She says she filed complaints with the Secret Service, the FBI, the Governor, and the Senate Office, but the city police would not allow her to file a written complaint.

Most of the Complaint is incomprehensible and the Court cannot determine from Plaintiff's allegations whether her Complaint states an arguable basis in law or in fact.

Therefore, the Court finds that the allegations in Plaintiff's complaint are frivolous and fail to state a claim upon which relief may be granted.

**IT IS  ORDERED** that the Court will **GRANT** *in forma pauperis* status to Plaintiff.

**IT IS FURTHER ORDERED** that the Court will **DENY** the request for appointment of counsel.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**, pursuant to 28 U.S.C.§1915(e)(2)(B)(I) and (ii).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 19, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Carol Gilmore Glass by electronic means or U.S. Mail on May 19, 2010.

s/Carol A. Pinegar
Deputy Clerk